IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| BOBBY RAY DEVERS, | ) | |
| | ) | No. C09-139 EJM |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN FAYRAM, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's resisted Motion for Partial Summary Judgment, filed January 27, 2010. Briefing concluded on September 27, 2010. Granted as to Grounds 6(b), 7, 8, 9, 10, 11 and 12.

Petitioner, presently confined in the Anamosa State Penitentiary, Anamosa, Iowa, brings this action pursuant to 28 USC §2254 challenging the validity of his sexual abuse conviction in the Iowa District Court for Pottawattamie County. He raises the following grounds: (1) the trial court erred in failing to appoint substitute counsel, (2) ineffective assistance of counsel in allowing improper impeachment, (3) ineffective assistance of counsel in failing to object to marijuana evidence, (4) ineffective assistance of counsel in failing to request mistrial, (5) ineffective assistance of counsel in failing to call Howard Dickey as a defense witness, (6)(a)[1] ineffective assistance of counsel in failing to object to prejudicial matters during his cross-examination, (6)(b) cumulative prejudicial effect of error, (7) newly discovered evidence, (8) violation of due process with regard to not expanding

---

1. Petitioner presents two grounds captioned "Ground Six," henceforth characterized as 6(a) and 6(b) as above.

findings and conclusions, or ruling as to two writs of habeas corpus ad testificandum, (9) not being present at all stages of trial, to wit, a thirty-minute hearing preceding the second day of trial, (10) failure to secure his presence at the postconviction hearing held January 11, 2007, (11) failure to disclose certain claimed exculpatory evidence, and (12) failure to call witness Faye Montgomery in his defense.

Respondent seeks partial summary judgment, asserting that as to petitioner's claim of cumulative prejudicial effect of error as set forth in Ground 6(b), that claim is procedurally defaulted, and not cognizable in this proceeding. As to Ground 7, newly discovered evidence, respondent asserts that claim is not cognizable here. Respondent further asserts Grounds 8 and 10 have been procedurally defaulted, and are not cognizable here as they raise claimed infirmities in postconviction proceedings, rather than petitioner's conviction. Finally, respondent asserts Grounds 9, 11, and 12 are procedurally defaulted, and Ground 9 does not raise a federal claim. Accordingly, respondent seeks summary judgment on Grounds 6(b), 7, 8, 9, 10, 11, and 12.

On April 23, 2010, petitioner sought appointment of counsel, which was granted by the court's order of June 18, 2010. Following the appointment of counsel, briefing on the instant motion concluded on September 27, 2010.

Beginning with petitioner's claim of cumulative prejudicial effect of ineffective assistance of counsel, it appears undisputed that this claim was not included in petitioner's Application for Further Review in the state courts, and petitioner has come forward with no showing of cause for the default and prejudice arising

2

therefrom. Accordingly, the claim is barred by the procedural default. Beaulieu v. Minnesota, 583 F3d 570, 573-574 (8th Cir. 2009). Additionally, it appears that claimed cumulative error cannot serve as a basis for habeas relief for ineffective assistance claims, as "each habeas claim must stand or fall on its own." Hall v. Luebbers, 296 F3d 685, 692-693 (8th Cir. 2002), quoting Scott v. Jones, 915 F2d 1188, 1191 (8th cir. 1990).

Turning to Ground 7, it appears undisputed that petitioner's claim of newly discovered evidence is not cognizable in this proceeding. Bowman v. Gannon, 85 F3d 1339, 1342 (8th Cir. 1996). However, petitioner resists summary judgment on this claim, urging that if considered as a claim of ineffective assistance of counsel, the claim is cognizable, and that it is reasonable to infer that the evidence would have been available at trial, had trial counsel been effective. If construed as an ineffective assistance claim, it is the court's view that petitioner has come forward with no colorable assertion or showing of prejudice in support of the claim, see Christianson v. Ault, 598 F3d 990, 996 (8th Cir. 2010), and accordingly, summary judgment is appropriate on Ground 7.

Turning to Grounds 8 and 10, it appears that the claims are procedurally defaulted. Moreover, these claims appear to challenge claimed errors in collateral proceedings, rather than petitioner's conviction. 28 USC §2254 authorizes review of a state criminal conviction, but does not authorize review of claimed infirmities in state post-conviction proceedings. Jolly v. Gammon, 28 F3d 51 (8th Cir. 1994);

Mitchell v. Wyrick, 727 F2d 773, 774 (8th Cir.), cert. denied, 469 US 823 (1984). Summary judgment is appropriate on these grounds.

Finally, as to Grounds 9, 11, and 12, the court concludes these claims were not included in applications for further review, are procedurally defaulted, and petitioner has come forward with no colorable assertion or showing of cause for the default or actual prejudice therefrom.

It is therefore

ORDERED

1. Motion for Partial Summary Judgment granted as to Grounds 6(b), 7, 8, 9, 10, 11, and 12.

2. Petitioner shall brief the remaining grounds, 1, 2, 3, 4, 5, and 6(a), by not later than Friday, April 29, 2011. Respondent shall file any response by not later than Monday, May 30, 2011. Petitioner shall file any reply by not later than Monday, June 13, 2011.

March 31, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT