IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BOBBY RAY DEVERS, | No. C09-139 EJM |
| Petitioner, | |
| v. | ORDER |
| JOHN FAYRAM, | |
| Respondent. | |

This matter is before the court on petitioner's Application for Writ of Habeas Corpus. Briefing concluded on August 18, 2011. Denied.

Petitioner, presently confined in the Anamosa State Penitentiary, Anamosa, Iowa, brings this action pursuant to 28 USC §2254 challenging the validity of his sexual abuse conviction in the Iowa District Court for Pottawattamie County. He raised the following grounds: (1) the trial court erred in failing to appoint substitute counsel, (2) ineffective assistance of counsel in allowing improper impeachment, (3) ineffective assistance of counsel in failing to object to marijuana evidence, (4) ineffective assistance of counsel in failing to request mistrial, (5) ineffective assistance of counsel in failing to call Howard Dickey as a defense witness, (6)(a) ineffective assistance of counsel in failing to object to prejudicial matters during his cross-examination, (6)(b) cumulative prejudicial effect of error, (7) newly discovered evidence, (8) violation of due process with regard to not expanding findings and conclusions, or ruling as to two writs of habeas corpus ad testificandum, (9) not being present at all stages of trial, to wit, a thirty-minute hearing preceding the

second day of trial, (10) failure to secure his presence at the postconviction hearing held January 11, 2007, (11) failure to disclose certain claimed exculpatory evidence, and (12) failure to call witness Faye Montgomery in his defense.

On March 31, 2011, the court granted partial summary judgment as to grounds 6(b), 7, 8, 9, 10, 11, and 12. Briefing has concluded on the remaining claims, which are addressed below.

Petitioner first asserts that his right to counsel under the 6th Amendment was violated upon the trial court's denial of his request to appoint substitute counsel following its hearing on the matter. In support, he urges that his counsel had a conflict of interest, as counsel's testimony at the hearing was used to counter petitioner's attempt to get a different lawyer, was disadvantageous to petitioner, and transformed counsel from his advocate to his adversary. While respondent urges this claim is procedurally defaulted, the court is satisfied that this claim is properly exhausted and not procedurally defaulted. Upon review in light of the applicable standards, see, e.g., Smith v. Lockhart, 923 F2d 1314 (8th Cir. 1991), including the reasons discussed by the Iowa Court of Appeals, State v. Devers, 2005 WL 724081, *3-5 (Ia. Ct. App. 2005), it is the court's view that there existed no conflict of interest, and therefore petitioner cannot satisfy the even more deferential requirements of 28 USC §2254(d), thus he is not entitled to relief on this claim.

Turning to petitioner's claims of ineffective assistance of counsel, petitioner asserts counsel was ineffective in (1) allowing improper impeachment evidence, (2)

failing to object to marijuana evidence, (3) failing to move for mistrial upon two jurors reporting they knew a witness, (4) failing to call Howard Dickey as a witness, and (5) failing to object to prejudicial matters during his cross examination.

As to the claim regarding improper impeachment, petitioner asserts that the Iowa Court of Appeals did not apply the analysis required by Strickland v. Washington, 466 US 668, 687 (1984) (considering whether counsel's representation was constitutionally deficient, and whether claimed deficient performance prejudiced defense), and therefore the court must review fact findings for clear error and legal conclusions de novo.

As to the ineffectiveness claims regarding marijuana evidence, failure to seek a mistrial re: jurors, and failure to object to prejudicial evidence on his cross-examination, petitioner asserts that the Iowa Court of Appeals addressed only the "duty" prong of Strickland, supra, and therefore while the 28 USC §2254(d) standards apply to review thereof, the "prejudice" prong must be addressed de novo with regard to these claims.

As to the ineffectiveness claim regarding the failure to call Howard Dickey as a witness, petitioner asserts the Iowa Court of Appeals addressed both the "duty" prong and the "prejudice" prong of Strickland, and therefore the 28 USC §2254(d) standard should be applied to review this claim.

In response to petitioner's assertions regarding the appropriate standards of review to be applied to the various issues, respondent asserts that as to the

improper impeachment claim, while the Iowa Court of Appeals considered only the "duty" prong of the ineffective assistance test and did not consider the "prejudice" prong, the state *trial* court did so rule, finding no prejudice, and therefore de novo review of the "prejudice" prong is inappropriate. Additionally, respondent asserts that even under de novo review of this issue, there would have been no reasonable probability of a different outcome if counsel lodged an objection.

As to the standard of review to be applied to the ineffectiveness claims regarding marijuana evidence, mistrial re: jurors, and prejudicial evidence during cross examination of petitioner, it appears respondent does not object to petitioner's position, nor does respondent object to petitioner's contention as to the standard to be applied to the ineffectiveness claim regarding failure to call witness Howard Dickey.

Upon the record before the court, and for the reasons discussed by the Iowa Court of Appeals as to petitioner's ineffectiveness claim regarding counsel's allowing improper impeachment of petitioner's character witnesses, Devers v. State, 2009 WL 1676643 *3, (Ia. Ct. App. 2009), it is the court's view that counsel's performance does not rise to the level of constitutional ineffectiveness. Moreover, in light of the overwhelming evidence of petitioner's guilt, it is the court's view that petitioner could not establish prejudice in any event, even upon de novo review of the "prejudice" prong. Accordingly, petitioner is not entitled to relief on this claim.

Turning to the ineffectiveness claims regarding marijuana evidence, mistrial re: jurors, and failure to object to prejudicial matters regarding his cross examination, upon review, including for the reasons discussed by the Iowa Court of Appeals in Devers v. State, supra, at *3-5, it is the court's view that counsel's performance did not rise to the level of constitutional deficiency, and again, in light of the overwhelming evidence of petitioner's guilt, petitioner could not establish prejudice. Accordingly, petitioner would not be able to satisfy the more deferential standard of 28 USC 2254(d) with regard to the "duty" prong as to these issues, and cannot satisfy the "prejudice" prong in any event, and thus he is not entitled to relief thereon.

Finally, as to the ineffectiveness claim regarding the failure to call witness Howard Dickey, petitioner must show that the state court made an unreasonable application of the standards of Strickland, supra. Harrington v. Richter, 131 SCt 770, 785 (2011). Upon review, including for the reasons discussed by the Iowa Court of Appeals in State v. Devers, supra, at *4, the court is satisfied that the state court's determination on the grounds claimed was not an unreasonable application of Strickland, and therefore petitioner is not entitled to relief on this ground. 28 USC §2254(d).

It is the court's view that the standards for a Certificate of Appealability have not been met, and therefore none shall issue. 28 USC §2253(c)(2).

It is therefore

ORDERED

Petition denied; dismissed.

No Certificate of Appealability shall issue.

December 16, 2011.

                               Edward J. McManus, Judge
                               UNITED STATES DISTRICT COURT